UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62322-CIV-COHN/SELTZER

ADRIAN WYLLIE FOR GOVERNOR
CAMPAIGN, a Florida Registered
Political Campaign, and ADRIAN
WYLLIE, in his Individual Capacity,

    Plaintiffs,

v.

LEADERSHIP FLORIDA STATEWIDE
COMMUNITY FOUNDATION, INC.,
a Florida Non-Profit Corporation,
FLORIDA PRESS ASSOCIATION, INC.,
a Florida Non-Profit Corporation,
and BROWARD COLLEGE,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order or Alternatively a Preliminary Injunction [DE 16] ("Motion"). The Court has carefully reviewed the Motion, Defendants' Responses [DE 18; DE 19], and all other materials in the case file.[1]

---

[1] Although Plaintiffs have requested a hearing on the Motion, the Court finds that a hearing is unnecessary because the essential facts are undisputed and the parties' legal arguments are adequately developed in the written record. The need to rule promptly on this time-sensitive Motion further weighs against holding a hearing.

Additionally, Defendant Broward College has moved to strike the Motion, in part because any "emergency" here is one of Plaintiffs' making. See DE 20. While this point is valid, the Court will decide the Motion on the merits and will therefore deny Defendant's Motion to Strike as moot.

**I.     Background**

Adrian Wyllie is the Libertarian Party candidate for Governor of Florida in the 2014 general election.  See DE 1 (Compl.) at 1.  On October 8, 2014, Wyllie and his campaign organization (together, "Plaintiffs") brought this action seeking to compel Wyllie's inclusion in a televised gubernatorial debate to be held on October 15, 2014 ("October 15 Debate").  See id. at 2.  Named as Defendants are two private non-profit corporations—Leadership Florida Statewide Community Foundation, Inc., ("LFSCF") and Florida Press Association, Inc. ("FPA")—as well as Broward College, a public community college.  See id. at 4; DE 19 at 2.  LFSCF and FPA are organizing the October 15 Debate, and Broward College is hosting the debate as one of its sponsors.  See DE 19 at 3.  Plaintiffs' Complaint alleges that LFSCF and FPA have "violate[d] the doctrine of equitable estoppel under Florida law."  DE 1 at 16.  Further, Plaintiffs assert constitutional claims against Broward College, including denial of equal protection, prior restraint on protected speech, and "exercise of unbridled administrative discretion" showing that the debate criteria are unconstitutionally vague.  Id. at 18-25.[2]

On October 10, 2014, Plaintiffs filed their Motion, which seeks a temporary restraining order or preliminary injunction requiring Defendants to allow Wyllie to participate in the October 15 Debate.  See DE 16 at 1.  At the Court's direction, Defendants have filed expedited Responses opposing the Motion.  See DE 19 (LFSCF and FPA's Resp.); DE 20 (Broward College's Resp.).  The parties have also submitted written evidence in support of their arguments.

---

[2] One "Count" pleaded in the Complaint alleges that the acts of Broward College "cannot be shown to have any public necessity and cannot be shown to be reasonably related to any legitimate governmental interest."  DE 1 at 20.  But this is not a valid freestanding claim; instead, it refers to constitutional standards of review that may be applied in evaluating certain substantive claims.

2

**II.     Discussion**

The requirements for obtaining a temporary restraining order or a preliminary injunction are the same.  The moving parties must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest."  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam). "Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion."  Id. at 1226 (citations omitted); see Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) ("If [Plaintiff] is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements.").  As discussed below, Plaintiffs have not shown a substantial likelihood of success on any of their claims, so they are not entitled to the requested temporary relief.

**A.     Equitable Estoppel**

In their equitable-estoppel claim, Plaintiffs contend that LFSCF and FPA earlier led Wyllie to believe that he would need to meet a polling threshold of twelve percent (minus a four percent margin of error) in order to qualify for the October 15 Debate. See DE 1 at 16.  Plaintiffs further allege, however, that these Defendants later raised the minimum polling requirement from twelve to fifteen percent.  See id. at 17.  Plaintiffs acknowledge that Wylie has "consistently polled at 12%" but has been "unable to meet this high [15%] criteria."  Id.

The doctrine of equitable estoppel applies when a party "by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and

3

thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury." Major League Baseball v. Morsani, 790 So. 2d 1071, 1076 (Fla. 2001) (internal quotation marks omitted).  Here, however, no evidence shows that LFSCF or FPA willfully caused Wyllie to believe that he could appear at the October 15 Debate if he polled at just twelve percent.  LFSCF and FPA first announced the October 15 Debate in a press release dated August 20, 2013—well over a year ago.  See DE 19-1 at 12-13.  That announcement stated that debate participants would have to meet a fifteen-percent polling threshold.  See id. at 13.  LFSCF and FPA made the same disclosure when they published the debate criteria on November 5, 2013.  See id. at 15-16.  And the April 24, 2014, debate-invitation letter sent to Wyllie made clear that he would have to meet Defendants' criteria in order to participate.  See id. at 19-20.

The twelve-percent figure that Plaintiffs emphasize has nothing to do with the October 15 Debate.  Rather, that number related to candidates' appearances at a separately sponsored convention in July 2014.  See DE 1-12 (e-mail chain) at 2-8.  More, LFSCF and FPA have organized four debates in the last two election cycles, and all of them imposed the fifteen-percent polling requirement.  See DE 19-1 (Aff. of Wendy Walker) at 2.  For these reasons, Plaintiffs have not shown that they are substantially likely to succeed on their equitable-estoppel claim.

### B.  Constitutional Claims

As described above in Part I, Plaintiffs assert multiple constitutional claims against Defendant Broward College.  Initially, though, a significant question exists about whether Plaintiffs can show the state action necessary to support these claims.  See 42 U.S.C. § 1983.  The record evidence reflects that Broward College is the host and a sponsor of the October 15 Debate, but that it has exercised no control over which

4

candidates may appear in the debate.  See DE 19-1 at 2; DE 21 at 2 (Aff. of Gregory A. Haile).  The latter issue has been handled solely by private entities LFSCF and FPA.  See id.; DeBauche v. Trani, 191 F.3d 499, 508-09 (4th Cir. 1999) (concluding that hosting of debate by public university and its president did not amount to state action, where decision to exclude candidate was made independently by private organizers).

Even if Broward College's involvement in the debate gives rise to state action, Plaintiffs' constitutional claims are not substantially likely to succeed on the merits.  Given the limits on candidate participation, the October 15 Debate at Broward College is properly considered a "nonpublic forum."  Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 680 (1998) (holding that congressional debate "was a nonpublic forum" when public broadcaster "made candidate-by-candidate determinations as to which of the eligible candidates would participate in the debate").  To comply with the First Amendment, "the exclusion of a speaker from a nonpublic forum must not be based on the speaker's viewpoint and must otherwise be reasonable in light of the purpose of the property."  Id. at 682.  In this case, no evidence shows that Defendants are excluding Wyllie based on the content of his political message.  Too, Defendants offer legitimate reasons for requiring debate participants to show a minimum level of public support.  Defendants explain that the goal of the debate is "to provide a forum to inform Florida voters through the meaningful exchange of ideas among those gubernatorial candidates with a reasonable chance of winning the election."  DE 19-1 at 3; see Chandler v. Ga. Pub. Telecomms. Comm'n, (11th Cir. 1990) (per curiam) (upholding public broadcaster's decision to exclude Libertarian candidate from political debate between major-party candidates, since broadcaster "believed such a debate would be of the most interest and benefit to the citizens of Georgia").  The fifteen-

percent threshold, moreover, is intended to "create a fair and reasonable measurement of whether a candidate had achieved the public support necessary to have a reasonable chance of winning the race." DE 19-1 at 3. Also, as already discussed, the fifteen-percent polling level has been applied consistently in recent debates, and there is nothing arbitrary or vague about this standard. Cf. Buchanan v. Fed. Election Comm'n, 112 F. Supp. 2d 58, 74-76 (D.D.C. 2000) (affirming decision of Federal Election Commission that fifteen-percent polling requirement for appearance in presidential debate was reasonable and objective).[3]

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Emergency Motion for Temporary Restraining Order or Alternatively a Preliminary Injunction [DE 16] is **DENIED**; and

2. Defendant Broward College's Cross-Motion to Strike [DE 20] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

---

[3] The Court has considered Plaintiffs' other arguments in support of the Motion, but finds that they lack merit and do not warrant separate discussion.